UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__01/28/2026__

MARINA LESHKASHELI,

              Petitioner,

    -v-

WILLIAM JOYCE ET AL.,

              Respondents.

----------------------------------------------------------------------X

26-cv-00741 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner Marina Leshkasheli ("Leshkasheli") submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 28, 2026.  Leshkasheli is a 38-year-old Georgian national and asylum applicant who was, until the time of her arrest, living in Brooklyn.  Dkt. No. 1 (the "Petition") ¶ 1.  She traveled through several countries on her journey to the United States and was detained by the Respondents shortly after entering the U.S. on April 3, 2024.  *Id.* ¶ 7. She was released from ICE custody later in April 2024.  *Id.* ¶ 8.  Since her release, she has complied with every ICE appointment, maintained a stable residence, and committed no criminal offense.  *Id.*  When attending a scheduled check-in on January 28, 2026, she was summarily detained by ICE.  *Id.* ¶ 1.

Upon receipt of the petition, the Court ordered Respondents to respond by 9:00 p.m. on January 28, 2026, setting forth (1) whether Petitioner was located in the Southern District of New York at the time of filing; (2) the statutory authority under which they assert the authority to detain Petitioner; (3) if that authority is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish the case from this Court's opinion in *Tumba v. Francis*, 2025 WL 3079014 (S.D.N.Y.

Nov. 4, 2025); (4) a copy of any final order of removal; and (5) any information regarding the procedural posture of any pending Department of Homeland Security of Executive Office for Immigration Review proceedings.  Dkt. No. 2.

Respondents timely submitted responsive papers.  Dkt. No. 4.  The submission explains that venue is proper and that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  *Id.* at 1.  The submission explains also that "the government acknowledges that the *Tumba* decision would control the result in this case" and notes that "the facts in this case are not materially distinguishable from those in *Tumba*."  *Id.* at 2.  The Court adheres to its decision in *Tumba* and finds that to detain Petitioner, Respondents must comply with 8 U.S.C. § 1226(a).  Petitioner's detention is not mandatory and requires the exercise of discretion.  *See Tumba*, 2025 WL 3079014, at *2–6; *Cardenas v. Almodovar*, 2025 WL 3215573, at *2–3 (S.D.N.Y. Nov. 18, 2025).

Respondents have not asserted any argument that she should be detained under 8 U.S.C. § 1226(a) that could support Petitioner's continued detention.  The appropriate remedy is her immediate release. [1]  The petition for a writ of habeas corpus is GRANTED.  Respondents are ordered to release Leshkasheli from custody no later than 11:30 a.m. on January 29, 2026, and to certify compliance with the Court's order by filing an entry on the docket by that evening.  The Clerk of Court is directed to close this case.  The conference scheduled for January 29, 2026 is cancelled.

SO ORDERED.

Dated: January 28, 2026
     New York, New York
                                   LEWIS J. LIMAN
                          United States District Judge

---

[1] Although Petitioner asks for injunctive relief in her petition, she does not formally move for such relief. Accordingly, the Court denies the request for an injunction.